# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

BARBARA KUZMIAK,

     Plaintiff,

v.                                            Case No: 8:26-cv-1478-CEH-CPT

TRACTOR SUPPLY COMPANY,

     Defendant.

_____/

## ORDER

In the Order to Show Cause issued on May 27, 2026, this Court concluded that Defendant Tractor Supply Company ("Tractor Supply") had not sufficiently established federal subject matter jurisdiction over the matter, as the Notice of Removal (Doc. 1) did not adequately allege the required amount in controversy. Doc. 9. The Court directed Tractor Supply to file a written response indicating why the case should not be remanded for lack of subject matter jurisdiction. *Id.*

On June 2, 2026, Plaintiff Barbara Kuzmiak filed a Motion to Remand wherein she requests this Court remand this action because Tractor Supply has not established the amount in controversy required for federal diversity jurisdiction. Doc. 11. Plaintiff also requests costs and expenses, including attorney fees, incurred as a result of Defendant's attempt to remove the case. *Id.* at 7.

1

On June 10, 2026, Tractor Supply filed—in a combined document—a Response to the Order to Show Cause and Response to Plaintiff's Motion to Remand. Doc. 12. In its response, Tractor Supply argues that detailed evidence supporting this Court's jurisdiction is not required because the Eleventh Circuit requires a defendant to submit only a short, plain "notice pleading" that the case is being removed. Doc. 12 at 5-6. Tractor Supply submits it is Plaintiff's burden to prove to a legal certainty that the amount in controversy threshold has **not** been met. *Id.* at 8-10 (emphasis added). *Id*. at 8-11. Furthermore, Tractor Supply presents a series of documents that detail Plaintiff's past medical expenses, future expense estimates, and Plaintiff's settlement demands. *Id*. at 11-18.

When the complaint does not provide specificity as to the amount of damages sought and alleges only that the amount of damages exceeds the threshold amount, it is the Defendant's burden, as the party who invoked the Court's federal jurisdiction by removing the action, to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). When considering the amount in controversy, district courts may "make reasonable deductions, reasonable inferences, or other reasonable extrapolations," but are not required to "suspend reality or shelve common sense in determining whether" the papers establish the jurisdictional amount. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061-62 (11th Cir. 2010). The court may not speculate as

to the amount in controversy. *Pretka v. Kolter City Plaza I, Inc.,* 608 F.3d 744, 754-55 (11th Cir. 2010). "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001). On the other hand, "if the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (quotation modified). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Id.* at 1319–20. The removing defendant must present documents that "contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery,* 483 F.3d 1184 at 1215 n.63.

Primarily, the Court disagrees with Tractor Supply's assertions that, as the defendant in the case, Tractor Supply may only file a "notice pleading" of removal, and no supporting evidence is required. Doc. 12 at 5-6, 8-11. Instead, the correct standard is that, as the removing defendant, Tractor Supply must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Williams*, 269 F.3d at 1319-1320; *Lowery*, 483 F.3d at 1208; *Pretka*, 608 F.3d at 754-55. Here, Tractor Supply's assertions in the notice of removal that the claims exceed $75,000 (Doc. 1 ¶¶ 8, 16-17) are conclusory, blanket statements that, without

corroborating evidence, are insufficient to establish this Court's jurisdiction over the matter.

Moreover, the Court is not persuaded by Tractor Supply's assertion that it is the Plaintiff's duty to establish, with "legal certainty," that the amount in controversy threshold has **not** been met. Doc.  12 at 4, 8-10, 18-20 (emphasis added). To the contrary, Eleventh Circuit decisional law is abundantly clear that the removing party must establish the requisite amount in controversy. *See Lowery,* 483 F.3d 1184 at 1215 n.63. Although Plaintiff filed a motion to remand, Plaintiff filed the motion after Tractor Supply attempted to invoke federal diversity jurisdiction. Therefore, as the party that seeks this Court's jurisdiction, Tractor Supply carries the burden of establishing that the amount in controversy exceeds $75,000.

Finally, the Court will address the evidentiary materials submitted by Tractor Supply to establish the requisite amount in controversy. The proffered evidence can be grouped into three categories: Plaintiff's settlement demands and alleged statements, future medical costs, and past medical expenses.

First, Tractor Supply points to Plaintiff's $1,000,000 settlement demands and Civil Remedy Notice to argue that Plaintiff's own statements are sufficient to establish the amount in controversy. Doc. 12 at 12-16; Doc. 12-1; Doc. 12-2; Doc. 12-5.

A settlement offer, by itself, does not automatically establish the amount in controversy. *See Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir. 1994). However, courts have analyzed demand letters to determine whether they were mere puffery and posturing, or whether they provided specific information to support

4

plaintiff's damages claim. *Roach v. Hosp. Ventures Mgmt., LLC,* No. 22-CV-62188-RAR, 2023 WL 1430476, at *2 (S.D. Fla. Jan. 31, 2023) (collecting cases).

Here, the letter, dated October 25, 2024, appears to be a standard, policy-limits letter that plaintiff's counsel typically send when a civil lawsuit is initiated. *See* Doc. 12-1; *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 770 (11th Cir. 2010) (explaining that a district court may use its judicial experience and common sense when analyzing whether a document establishes the amount in controversy). Specifically, the October 25th letter includes no specific facts about the instant case and includes only boilerplate notices and discovery requests. The October 25th letter provides no specific information to support a claim for damages that exceeds $75,000.

Additionally, the settlement demand letter dated July 9, 2025 provides abundant details about the alleged slip-and-fall, but it fails to adequately support an amount in controversy that exceeds $75,000. Doc. 12-2. Specifically, it details Plaintiff's injuries and summarizes the treatment she received as of July 9, 2025. *Id.* However, it also hypothesizes that future medical costs "will increase dramatically," and Plaintiff's ability to work will decrease by two or three years. *Id.* Such conjectures are insufficient to establish the amount in controversy for federal diversity jurisdiction. The only concrete numerical data in the July 9th demand letter is for past medical costs of $24,347.33. *Id.* at 3. This Court must determine the amount in controversy based on the value of the claim at the time of removal. *See Williams,* 269 F.3d at 1319. Therefore, in its amount in controversy analysis, this Court cannot consider future medical costs and certainly not a general statement that Plaintiff's work life will be

shortened by up to three years. The July 9th demand letter establishes that the claim's current value is $24,347.33, which does not exceed the jurisdictional threshold of $75,000.

Tractor Supply also relies on the Civil Remedy Notice (Doc. 12-5) as evidence of the requisite amount in controversy. Based on the Court's experience with Florida civil litigation, a civil remedy notice is procedural, as it puts the insurance company on notice that a bad faith lawsuit may be forthcoming. In practice, a civil remedy notice often entails negotiation tactics such as a plaintiff offering to settle a case for insurance policy limits before any discovery has been initiated. In the instant case, the Civil Remedy Notice contains a demand from Plaintiff to settle the case for the bodily injury policy limit of $1,000,000 (Doc. 12-5 at 6), but the notice does not provide any supporting documentation or otherwise itemize specific, already-incurred costs that total $1,000,000. *See* Doc. 12-5. Therefore, the Court finds that the $1,000,000 settlement demand contained within the instant Civil Remedy Notice is mere puffery and posturing, as opposed to evidence of the value of the lawsuit. *See Pretka,* 608 F.3d at 770.

Second, Tractor Supply submits Plaintiff's future medical cost estimates as evidence to establish the amount in controversy. *See* Doc. 12 at 14, 16-17; Doc. 12-3; Doc. 12-6. However, using a cost estimate for a medical procedure that has not yet transpired (Doc. 12-3) and a study based on hypotheticals, statistics, and conjecture (Doc. 12-6) are quintessential examples of the type of speculation this Court is prohibited from engaging in when determining the amount in controversy. *See Pretka*,

608 F.3d at 754-55. Therefore, in determining the amount in controversy, the Court will not consider the estimated cost of future medical care.

Third and finally, Tractor Supply relies on Plaintiff's past medical expenses as proof that the amount in controversy is great enough to establish diversity jurisdiction. Doc. 12 at 14,16-17; Doc. 12-2 at 3-4; Doc. 12-4. Specifically, in the July 9th, 2025 demand letter, Plaintiff claims that a total of $24,347.33 in medical expenses occurred to date. Doc. 12-2 at 3-4. Documents generated by the removing defendant do not necessarily involve impermissible speculation. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 771 (11th Cir. 2010). However, in the present case, Defendant Tractor Supply has not provided documentation, aside from the itemized statement from Davis Spine & Orthopaedics (Doc. 12-4), to support the medical expenses listed in the demand letter. *See* Doc. 12-2 at 3-4. In fact, Plaintiff labeled the $24,347.33 total as "TOTAL & CONTINUING," which leads this Court to believe that the $24,347.44 figure includes not only past medical charges for treatment that had already occurred, but also future medical costs and hypothetical estimates. Therefore, without supporting evidence, the Court is unable to discern whether the claimed total of $24,347.33 is speculative and/or mere puffery.

Tractor Supply also submits an itemized statement, dated September 5, 2025, from Davis Spine & Orthopaedics showing a balance of $16,300. Doc. 12-4. Although the itemized statement is proper evidence to establish the amount in controversy, $16,300 in past medical expenses does not exceed the $75,000 threshold.

In conclusion, Tractor Supply has not proffered sufficient evidence to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Therefore, the Court is unable to exercise federal diversity jurisdiction over this matter. The action is due to be remanded.

Having determined that remand is warranted, the Court turns to the issue of costs and fees. Plaintiff seeks costs and expenses, including attorney fees, associated with the improvident removal, which the Court may award, in its discretion, under 28 U.S.C. § 1447(c). Plaintiff asserts she is entitled to all reasonable costs and expenses, including attorney's fees. Doc. 11 at 7. The Supreme Court has held that, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). After review of all relevant materials, Plaintiff is not entitled to costs and attorney's fees. First, Plaintiff did not provide an argument to support her position. Moreover, Plaintiff has not shown that Tractor Supply had no objectively reasonable basis for removal. While Tractor Supply's removal was ultimately unsuccessful, the Court cannot state that the attempt at removal was objectively unreasonable. Therefore, the Court declines to award Plaintiff attorney's fees and costs for improper removal.

Accordingly, it is **ORDERED:**

1. Plaintiff's Motion to Remand (Doc. 11) is **GRANTED** in part and

   **DENIED** in part. It is **DENIED** to the extent Plaintiff seeks attorney's fees

and costs.

2. This case is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

3. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

4. The Clerk is further directed to terminate any pending deadlines and close this case.

**DONE AND ORDERED** in Tampa, Florida on June 24, 2026.

*Charlene Edwards Honeywell*

Charlene Edwards Honeywell
United States District Judge

Copies:
Counsel of Record
Unrepresented Parties, if any